GreeN, J.
delivered the opinion of the court.
1. The objections which are taken to the caption of the indictment in this case, are all answered by reference to Long’s case, (1. Hump. Rep. 386,) where the subject is reviewed, and the principles decided in McClure’s case, (1 Yer. Rep. 206,) are sanctioned and reaffirmed.
2. The objection that the record does not state that the court was held for Lawrence county, in express terms, does not vitiate the proceedings. The caption states that the circuit court was “held at Lawrenceburg, on the second Monday in June, 1842, present the honorable Edmund Dillahunty, one of the judges of the circuit courts.” A circuit court, could not by law, be held at Lawrenceburg, for any other purpose than for the trial of cases in Lawrence county. Besides, the record states that the jurors summoned were good and lawful men of Lawrence county, and that the grand jurors “were elected, em-pannelled, sworn and charged to enquire for the body of the county of Lawrence.”
3. The objection that the record does not set out the letter, so that it may be seen, whether there is a variance between that and the libel charged in the indictment, constitutes no ground of error. The defendant’s counsel, did not choose to set out the evidence'in their bill of exceptions. They might have done so, and by this means they would have made the letter, which was offered in evidence, part of the record. It would thus have been seen, whether there was a variance between the letter offered in evidence, and the one, the tenor of which, is set out in the indictment as containing the libel. But as the bill of exceptions does hot contain the evidence in the cause, we are bound to presume that it was all competent and sufficient to support the verdict.
4. It is next objected, that the indictment is not sufficiently specific in charging the facts in the letter, which constitute the libel, so that the defendant might know the particular facts in his publication, which were alledged to be libelous, the truth of *395 which, under the act of 1805, he might be prepared to prove. To this objection it may be answered, that the indictment recites the libelous publication, and consequently the charge in the indictment is as specific, as are the statements in the libelous publication.
“Any malicious publication, expressed in printing or writing, or by pictures or signs, tending to injure the character of an individual, or diminish his reputation, is a libel.” 2 Leigh’s, N. P. 1360; 2 Hump. Rep. 512.
It is absurd to say, that a man may publish of another, that he is a thief, or that he has committed perjury, and thus be guilty of a gross libel — and when he is indicted for it, to insist that the indictment should inform him what it was he meant the prosecutor had stolen, and when, where, and in what particular oath, he meant the prosecutor had committed peijury. If that were the law, the libeler could always escape punishment, for he might impute, in his publication, the worst crimes by general expressions — and the greater the falsehood, the more certainly would he escape — for the innocent man would be unable to imagine to what facts the defamation was intended to allude.
This indictment sets out the libelous publication; and the first enquiry before the jury was, whether it was published by the defendant? If that were proved, the defendant being the author of the accusations contained in the letter, would best know, to what particular facts he intended to point his accusation — and consequently might be prepared to prove all he had published. The advantage would all be on his side, for until his proof was heard, the prosecutor would not know, in many cases what facts he would be called^ upon to rebut and repel.
5. It is next insisted, that the court erred in telling the jury, in substance, that unless the defendant had proved, that all the libelous statements contained in the publication set out in the indictment were true, they should find a general verdict of guilty.
In this the court was clearly correct. If in the publication there was a single libelous statement which was false, the defendant was certainly guilty of publishing a libel — and it was not the less a libel, because it might be contained in the same *396 publication, in which were contained various defamatory statements that were true. It is not like the cases cited, where the -charge is incapable of being separated. In such cases the jury may acquit as to part, and convict as to part. Not so here; the charge is indivisible. He was guilty of a libel, or he was not; and it makes no difference, whether one, or twenty libelous falsehoods were proved upon him, the verdict must be the same.
It is true, the character of the libeled party, and the amount of truth contained in the libel, would be considerations to which the jury would properly lookin mitigation of the fine, should they assess one; and if as in this case, they should think the offence, for these reasons, so far mitigated as to find a simple verdict of guilty, the court having heard all the proof, would be able to judge of the .circumstances of mitigation, or aggravation, as well upon a general finding, as if a special verdict had been rendered.
We think there is no error in the record and affirm the judgment.